UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| TRUSTEES OF THE PRESSMEN WELFARE FUND<br>7130 Columbia Gateway Drive<br>Columbia, MD 21046<br><br>and<br><br>TRUSTEES OF THE PRINTING LOCAL 72 INDUSTRY PENSION FUND<br>7130 Columbia Gateway Drive<br>Columbia, MD 21046<br><br>And<br><br>WASHINGTON DC PRINTING UNION LOCAL 72-C<br>6037 Baltimore Avenue<br>Riverdale, MD 20737<br><br>v.<br><br>CANTRELL/CUTTER PRINTING, INC.<br>1789 Olive Street, Suite 101<br>Capitol Heights, MD 20743<br><br>Serve:  Donald Cantrell, Jr.<br>　　　　Vice-President<br>　　　　1789 Olive Street, Suite 101<br>　　　　Capitol Heights, MD 20743 | Civil Action No.: |

## COMPLAINT

**(TO RECOVER AMOUNTS OWED TO EMPLOYEE BENEFIT FUNDS; AND FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT)**

## PARTIES

1. Plaintiff Trustees of the Pressmen Welfare Fund ("Welfare Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and

(37). The Welfare Fund is established and maintained pursuant to a Restated Agreement and Declaration of Trust ("Trust Agreement"). The Welfare Fund is administered at 7130 Columbia Gateway Drive, Columbia, Maryland 21046. The Trustees are the designated fiduciary in accordance with the Welfare Fund's Trust Agreement and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Plaintiff Trustees of the Printing Local 72 Industry Pension Fund ("Pension Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in sections 3(3) and 3(37) of the ERISA, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund is established and maintained pursuant to a Restated Agreement and Declaration of Trust ("Trust Agreement"). The Pension Fund is administered at 7130 Columbia Gateway Drive, Columbia, Maryland 21046. The Trustees are the designated fiduciary in accordance with the Pension Fund's Trust Agreement and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. Plaintiff Washington DC Printing Union Local 72-C ("Union") is an unincorporated labor organization, as that term is defined in Section 2(5) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). The Union represents employees in an industry affecting commerce as those terms are defined in Section 2(3) and (7) of the LMRA, 29 U.S.C. §§ 152(3) and (7). The Union's principal place of business is located at 6037 Baltimore Avenue, Riverdale, Maryland 20737.

4. Defendant Cantrell/Cutter Printing, Inc. ("Cantrell/Cutter") is a Maryland corporation with an office located at 1789 Olive Street, Suite 101, Capitol Heights, Maryland 20743.

5. The Defendant transacts business as printing company and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1) and (3) and 2(2)

of the LMRA, 29 U.S.C. §§ 142(1) and (3) and 152(2); Sections 3(5), (9), (11), (12) and 914) of ERISA, 29 U.S.C. §§ 1002(5),(9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

6. The Defendant was bound to the terms of a Collective Bargaining Agreement with the Union at all times relevant to this action.

## JURISDICTION AND VENUE

7. This is an action to collect contributions due to employee benefit plans under the terms of a collective bargaining agreement.  This Court has jurisdiction over this action under Sections 501 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185, as well as under 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. §§ 185(a) and (c), as it is the district in which the Defendant is located.

9. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. §§ 185(a) and (c).

## COUNT I

### (TO RECOVER AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS)

10. The Welfare Fund and the Pension Fund hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 9 as if fully set forth in this Count I.

11. Pursuant to the Collective Bargaining Agreement, the Defendant agreed to submit reports and pay to the Welfare and Pension Funds certain sums of money called "contributions"

on a monthly basis for each employee of the Defendant performing work covered by the Collective Bargaining Agreement.

12.     At all relevant times the Defendant employed employees performing work under the Collective Bargaining Agreement.

13.     The Defendant failed to remit contributions to the Welfare and Pension Funds due and owing for February and March 2014.

14.     By virtue of the Collective Bargaining Agreement, the Defendant is bound to the Benefit Fund Plaintiffs' Agreements and Declarations of Trust.

15.     Pursuant to the Collective Bargaining Agreement, the Trust Agreements of the Welfare Fund and Pension Fund, and the Collection Procedures issued by the Plaintiff Welfare Fund and Pension Fund Trustees pursuant to their authority under the Welfare Fund and Pension Fund Trust Agreements, an employer that fails to pay the required amounts in a timely manner is required to pay all contributions owed, together with liquidated damages and interest, attorneys' fees, and costs incurred in collecting such delinquent amounts.

16.     The Defendant failed to timely remit contributions owed to the Welfare Fund between September 2013 and March 2014.

17.     The Defendant failed to timely remit contributions owed to the Pension Fund for work performed in June 2013, as well as September 2013 through March 2014.

## COUNT II

### (UNPAID AMOUNTS OWED TO LABOR ORGANIZATION)

18.     The Plaintiff Union hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 17 as if fully set forth in this Count II.

19. The Defendant employed certain employees covered by the Collective Bargaining Agreement who authorized a deduction of union dues from wages. The Defendant failed to forward those payments to the Union for at least the months of February and March 2014 as required by the Collective Bargaining Agreement.

20. The Defendant owes contractual assessments under the Collective Bargaining Agreement for late payments made to all of the Plaintiffs.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendant in Counts I and II as follows:

A. That the Court find Defendant liable in the amount of contributions owed under the Collective Bargaining Agreement to the Plaintiff Health and Welfare Funds for work performed in February and March 2014.

B. That the Court find Defendant liable to Plaintiff Health and Welfare Funds in the amount of liquidated damages and interest owed on all late paid and unpaid amounts from the date due through the date of payment, plus costs and reasonable attorneys' fees.

C. That the Court find Defendant liable for all amounts owed to its employees and the Union under the terms of the Collective Bargaining Agreement through and including the date of judgment.

D. For such further relief as the Court may deem appropriate.

                              Respectfully submitted,

Dated: May 1, 2014        By:     /s/_____
                                          Ellen O. Boardman (Bar No. 04754)
                                          **O'DONOGHUE & O'DONOGHUE LLP**
                                          4748 Wisconsin Avenue NW
                                          Washington, DC 20016
                                          Telephone: (202) 362-0041
                                          Facsimile: (202) 327-1200
                                          eboardman@odonoghuelaw.com

                                          *Attorneys for Plaintiffs*

243595\_1